No. 86–6923. BROWN *v.* DODD, SHERIFF. Sup. Ct. Ga. Certiorari denied.

JUSTICE MARSHALL, with whom JUSTICE BRENNAN joins, dissenting.

I continue to believe that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments. See *Gregg* v. *Georgia,* 428 U. S. 153, 231 (1976) (MARSHALL, J., dissenting). But even if I did not hold this view, I would grant the petition for writ of certiorari in order to consider whether a defendant evaluated for competency by a state-appointed examiner has a due process right to an examiner whose qualifications and procedures meet minimal professional standards. The trial court failed to consider this question, and its conclusory order raises doubt as to whether the strictures of due process were met in this case.

## I

Petitioner James Willie Brown has a 20-year history of severe mental illness. When he was arrested for murder in 1975, petitioner already had been institutionalized on three prior occasions. Over the next six years, petitioner was continually adjudged incompetent to stand trial. Petitioner spent most of that time institutionalized at Central State Hospital, where he was consistently diagnosed as a paranoid schizophrenic. In 1977, the hospital reported that petitioner was competent to stand trial, but petitioner's mental condition deteriorated after he was transferred to the local jail and on the joint motion of the State and his counsel, he was recommitted to Central State as incompetent. Petitioner remained at Central State until 1980, when a hospital doctor again determined petitioner could stand trial. Although petitioner's doctors had noted his history of aggravated illness during periods of incarceration and had recommended that he be kept at the hospital until just before trial, petitioner was jailed until his competency trial in April 1981. During this time, a physician at the jail examined petitioner and once again found him incompetent; petitioner's counsel was never informed of this evaluation.

Petitioner filed a demand for speedy trial early in 1981, and a competency trial was scheduled before a special jury. The morning of trial, the court appointed Lewis Collins to evaluate petitioner's competency. Collins had received his Ph.D. from the Georgia State University only 10 days before. He was not a licensed psychologist, and in fact later failed the state licensing examination twice. He had received no formal training in conducting competency evaluations. Collins' entire evaluation of petitioner's competency consisted of one 20-minute interview. Collins did not talk to any of the doctors who previously had examined petitioner, he performed no psychological testing, and the only record he examined was a short discharge summary from Central State. From this meager examination, Collins concluded that petitioner was competent to stand trial. The jury agreed, and three months later petitioner was tried and convicted of murder and sentenced to death.

At the instant state habeas proceeding, a number of experts testified that Collins' qualifications and examination for competency were substandard. The trial court nevertheless determined without explanation that Collins "was qualified by his education and experience to give an opinion as to the sanity of the Peti-

tioner." App. to Pet. for Cert. B–2. The court therefore concluded that "[t]he jury properly found the Petitioner competent to stand trial based upon the evidence before it." *Ibid.* The Supreme Court of Georgia then denied petitioner's application for a certificate of probable cause to appeal.

## II

In *Ake* v. *Oklahoma*, 470 U. S. 68, 83 (1985), this Court held that "when a defendant demonstrates to the trial judge that his sanity at the time of the offense is to be a significant factor at trial, the State must, at a minimum, assure the defendant access to a competent psychiatrist who will conduct an appropriate examination and assist in evaluation, preparation, and presentation of the defense." The guarantee recognized in *Ake*, it is important to stress, is not just that the State ensure access to a psychiatrist, but that it ensure that the psychiatrist be a *competent* professional who will perform an *appropriate* examination. Similarly, our cases interpreting the constitutional guarantee of counsel have recognized that that guarantee comprehends a degree of competence; thus, a State cannot discharge its duty to provide counsel by appointing an attorney who fails to render adequate legal assistance. *Strickland* v. *Washington*, 466 U. S. 668, 685–686 (1984). See *Evitts* v. *Lucey*, 469 U. S. 387, 396 (1985) ("[N]ominal representation on an appeal as of right—like nominal representation at trial—does not suffice to render the proceedings constitutionally adequate; a party whose counsel is unable to provide effective representation is in no better postition than one who has no counsel at all").

The instant case calls upon the Court to determine whether an expert appointed by the State to evaluate a defendant's competency to stand trial must meet similar minimum standards. Although we have never confronted the issue directly, I have no doubt that the Due Process Clause incorporates such a safeguard. We already have recognized that "the failure to observe procedures adequate to protect a defendant's right not to be tried or convicted while incompetent to stand trial deprives him of his due process right to a fair trial." *Drope* v. *Missouri*, 420 U. S. 162, 172 (1975). An examination that meets minimum professional standards performed by a competent psychologist or psychiatrist must count among these adequate procedures. Expert testimony is the most compelling evidence offered to a jury charged

with the task of evaluating a defendant's competency to stand trial. As we have recognized in the context of an evaluation of sanity, "[w]hen jurors make this determination about issues that inevitably are complex and foreign, the testimony of psychiatrists can be crucial . . . ." *Ake* v. *Oklahoma, supra,* at 81. Indeed, a defendant subjected to a substandard examination by an unqualified professional may be placed in a worse position than a defendant who is denied an evaluation in the first place. If the "expert" concludes the defendant is competent to stand trial, that conclusion is cloaked in the special authority that we have recognized an expert witness conveys to the jury. See 470 U. S., at 81, n. 7. I therefore believe that when a State appoints an examiner to evaluate a defendant's competency to stand trial, the Constitution requires that the examiner possess minimum professional qualifications and that his examination procedures conform to minimum professional standards.

The trial court apparently did not believe this case raised any constitutional concerns, and it did not consider whether Collins' examination was consistent with the requirements of the Due Process Clause. In my view, there appears to be serious doubt as to whether petitioner's due process rights were met in this case. Collins' qualifications were, at best, undistinguished. Collins, who had received his psychology degree only 10 days before he evaluated petitioner, had never taken Georgia's licensing examination, and he later failed that examination twice. The Chairman of the Board of Examiners of Psychology for the State of Georgia testified at the habeas trial that the licensing examination measures minimum skills and that a person who had failed the test twice might not be qualified to act as a psychologist. Pet. for Cert. 7. Even if Collins were considered qualified to make an evaluation of competency, his examination of petitioner in this case appears to have been hopelessly substandard. Every expert who testified at the habeas trial indicated that Collins' examination was deficient. Collins performed no psychological tests, consulted none of the doctors who previously had examined petitioner, and did not even bother to read most of petitioner's file. This approach is especially suspect in light of petitioner's long history of mental illness and 6-year history of incompetency. I would grant the petition for certiorari to consider whether this treatment can be squared with the due process right not to be tried or convicted while incompetent to stand trial.